UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-23945-LOUIS

STUART MARVIN REIS,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
    _____/

## ORDER

This cause came before the Court on the parties' cross-motions for summary judgment (ECF Nos. 43, 50). Plaintiff Stuart Marvin Reis seeks to reverse and remand the decision of Defendant, Commissioner of the Social Security Administration, denying his claim for Social Security Disability Insurance ("SSDI") benefits. A hearing was held before the undersigned on the parties' motions on April 12, 2019. Upon careful consideration of the briefing, the record, the parties' arguments at the hearing, and being otherwise fully advised in the premises, it is hereby ORDERED that Plaintiff's Motion (ECF No. 43) be GRANTED; Defendant's Motion (ECF No. 50) be DENIED; and that the Administrative Law Judge's decision be REVERSED AND REMANDED with instructions to make findings sufficient to support her conclusions about the actual work previously performed, and to accordingly reweigh the testimony and medical opinions regarding Plaintiff's residual functioning capacity.

**I.    PROCEDURAL HISTORY**

This case involves an application for SSDI benefits under the Social Security Act (the

"Act"), 42 U.S.C. § 401, *et seq*. Plaintiff applied for disability benefits on August 31, 2011, alleging a disability beginning on September 1, 2009, due to autism with a full scale IQ score of 64, cardiac arrhythmia, and impaired pulmonary function (R. 241-44, 287).[1] Plaintiff's application was denied at the initial level of review and again upon reconsideration, after which an Administrative Law Judge ("ALJ") held a hearing upon Plaintiff's request on June 20 and October 2, 2013 (R. 41-130).

On April 10, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Act and issued her unfavorable decision (R. 10-25). In her decision, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 1, 2009, his alleged disability onset date, through December 31, 2013, the date on which he was last insured for disability benefits (R. 12). The ALJ found that Plaintiff had severe, non-listing impairments of autism and recurrent arrhythmias, which resulted in mild limitations in activities of daily living, moderate social functioning difficulties, and moderate concentration, persistence, or pace difficulties (R. 13-14). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work with additional postural, environmental, attentional, adaptive, communicative, and social limitations (R. 15). Based on this RFC, the demands of his past work, and the hearing testimony from a vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing his past relevant work as a locker room attendant and a file clerk (R. 23). Thus, the ALJ concluded that Plaintiff was not disabled (R. 24).

Plaintiff requested review of the hearing decision, which was denied by the Appeals Council on September 17, 2015 (R. 1-3), rendering the ALJ's decision "final." *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986); 42 U.S.C. § 405(g). Plaintiff now seeks judicial review

---

[1] All references are to the record of the administrative proceeding filed by Defendant (ECF No. 35).

of the ALJ's decision in this case (ECF No. 1). Plaintiff has exhausted his administrative remedies, and as such, this case is ripe for review under 42 U.S.C. § 1383(c).

## II. LEGAL STANDARD

Judicial review of the ALJ's decision is limited to whether "it is supported by substantial evidence and based on the proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Id.* (quoting *Lewis*, 125 F.3d at 1439); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a mere scintilla, but less than preponderance") (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). A reviewing court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1250 n.8 (11th Cir. 2004)). Even if the evidence preponderates against the ALJ's decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239 (citing 42 U.S.C. § 405(g)).

A claimant must be "disabled" to be eligible for SSI. A claimant is disabled if he is unable to "engage in any substantial activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is one that "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

3

A claimant bears the burden of proving that he is disabled. *Jones v. Apfel,* 190 F.3d 1224, 1228 (11th Cir. 1999); 20 C.F.R. §§ 404.1512(a), 416.912(a). The Social Security regulations outline a five-step, sequential evaluation process used to decide whether a claimant is disabled: (1) whether he is currently engaged in substantial gainful activity; (2) whether he has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of a specified impairment in the Listing of Impairments; (4) whether he can perform his past relevant work despite his impairments; and (5) whether he can perform other work found in the national economy. *Brightmon v. Soc. Sec. Admin., Comm'r*, 743 F. App'x 347, 351 (11th Cir. 2018); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

### III. ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision should be reversed because (1) the ALJ erroneously discounted the evidence from Dr. Jorge Herrera; and (2) the ALJ failed to properly determine whether Plaintiff's past work experience was sufficiently productive to qualify as past relevant work. As announced in oral ruling at the hearing, the Court finds that, as a result of the absence of substantial record evidence to support the ALJ's findings with respect to Plaintiff's prior work activities, the case must be remanded to make findings as to what Plaintiff actually did in the jobs identified and whether his salary as a locker room attendant was subsidized. Because the ALJ's evaluation of Dr. Herrera's opinions depended in part on findings with respect to Plaintiff's prior work experience, the case should be remanded so that the ALJ can reweigh Dr. Herrera's opinion as well. And because the ALJ's finding that Plaintiff's past work history precluded him from disability permeates her assessment of the evidence supporting her ultimate opinion, the undersigned will address this issue first.

### **Whether the ALJ Erred in Failing to Properly Determine Whether Plaintiff's Past Jobs Were "Past Relevant Work"**

Plaintiff contends that the ALJ erred in failing to properly determine whether Plaintiff's former work experience was sufficiently productive to qualify as substantial gainful activity. He contends that the ALJ should not have found that he was able to perform his past jobs of locker room attendant and as file clerk because the evidence shows that those jobs took place in a sheltered context, as the jobs and earnings were arranged by his family. Defendant argues that the ALJ properly determined that Plaintiff's prior work was past relevant work.

"Past relevant work" is work that was "substantial gainful activity," lasted long enough for the claimant to learn the job, and was performed within the past fifteen years. *See* 20 C.F.R. § 404.1560(b). "Substantial" work activity is work activity that involves doing significant physical or mental activities; "gainful" work is work activity that the claimant does for pay or profit." *See* 20 C.F.R. § 416.972. The claimant bears the burden of showing that certain work experience is not past relevant work. *See Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).

Sheltered work, however, may not be considered substantial gainful activity. In *Roberts v. Apfel*, the district court found that where the claimant's work is "done under special conditions" or in a "sheltered or special environment," the ALJ must look beyond the job's title or salary in order to determine how much work the claimant is really doing and "how much [his] work is worth." 27 F. Supp.2d 1295, 1299 (N.D. Ala. 1998) (citing 20 C.F.R. § 404.1574(a)(2)–(3)). There, the court held that the ALJ erred as a matter of law by failing to determine whether the claimant's past employment was "sufficiently productive and valuable to qualify as previous work under the Act." *Id.* In conducting this analysis, the *Roberts* court found that the work performed by the claimant "during his declining years was anything more than fictional" as the work was a "defacto part of his retirement, a reward from the city for loyal service, not a real paying position" as he

wandered in and out of work and did little when he was at work. *Id.* Thus, the court found that the ALJ could not have properly concluded that the work constituted substantial, gainful activity as required. *Id.*

In her decision, the ALJ acknowledged Plaintiff's counsel's argument that his past jobs as clerk and a locker room assistant were performed under sheltered conditions, but found to the contrary. The ALJ noted that the reported income is incompatible with that of a sheltered work environment. She also noted that the VE testified at the hearing that the typical income in a sheltered work environment is not as much as reflected in Plaintiff's reported income, though the ALJ points out that the VE's credibility assessment was beyond the statutory scope of her function. In determining that Plaintiff had not worked in a sheltered environment, the ALJ placed great weight on Plaintiff's testimony, who did not testify that he worked under any sheltered accommodations. The ALJ credited Plaintiff's testimony as to his job duties and found that they were compatible with an employment relationship. As to his job as a locker room attendant, Plaintiff testified that he was expected to follow a routine and follow instructions, that he got in trouble when he tried work in his own way, and that he was ultimately discharged. The ALJ also claimed that Plaintiff's mother and brother gave inconsistent testimony with respect to Plaintiff's file clerk job at his father's office.

The ALJ erred in her determination that Plaintiff's past jobs were not sheltered work because her determination was not based on substantial evidence for several reasons. First, in determining that Plaintiff's reported earnings were too high to constitute pay associated with sheltered work, the ALJ failed to properly address the testimony of Plaintiff's mother and brother that Plaintiff's salary at his locker room job were "pass through earnings" paid by his family and funneled through the University of Miami, his place of employment (R. 100, 111-12). Though the

6

ALJ makes note of the testimony given (R. 17), she does not explain what weight she gives these pieces of testimony, and whether she credits or rejects them. This failure to address the salary is particularly important for the determination of whether his work was substantial and gainful because the social security regulations demand a determination of what portions of a salary are subsidized for purposes of sheltered environment:

> (2) *We consider only the amounts you earn.* When we decide whether your earnings show that you have done substantial gainful activity, we do not consider any income that is not directly related to your productivity. When your earnings exceed the reasonable value of the work you perform, we consider only that part of your pay which you actually earn. If your earnings are being subsidized, we do not consider the amount of the subsidy when we determine if your earnings show that you have done substantial gainful activity. We consider your work to be subsidized if the true value of your work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid to you for your work. For example, when a person with a serious impairment does simple tasks under close and continuous supervision, our determination of whether that person has done substantial gainful activity will not be based only on the amount of the wages paid. We will first determine whether the person received a subsidy; that is, we will determine whether the person was being paid more than the reasonable value of the actual services performed. We will then subtract the value of the subsidy from the person's gross earnings to determine the earnings we will use to determine if he or she has done substantial gainful activity.

20 C.F.R. § 404.1574(a)(2). As such, the ALJ's conclusion that Plaintiff's work was not sheltered omits this key determination as to whether the salary was truly subsidized. As pointed out by Plaintiff's counsel, Plaintiff's earning records indeed show that his earnings were self-employment earnings, not from the University of Miami (R. 249-50); however, the ALJ does not state whether she credits or rejects that these earnings were from self-employment. Thus, for this reason alone, this case must be remanded for further development of the record, specifically as to whether Plaintiff's salary as a locker room attendant was subsidized and how that finding impacts her decision as to whether that work should have been considered as past work.

Nor does the record support the apparent findings the ALJ made regarding the work Plaintiff actually performed. Though the ALJ observed that the work performed, as described by Plaintiff, does not match the duties of a locker room attendant as the DOT defines that position, the record does not support her apparent findings with respect to his prior jobs "as he actually performed them." (R. 24) Considering the ALJ's credibility determinations (noted *infra*) of Plaintiff's mother and brother, the sole source of evidence supporting her findings about his job functions performed came from Plaintiff himself. Review of the hearing testimony reveals that Plaintiff's testimony here was too sparse to support such findings. The ALJ supplied numerous answers for Plaintiff when he was having trouble answering her questions. For example, when the ALJ asked Plaintiff if he did anything else in the training room, the answer he gave was "I would probably – let's say the ice, the ice, let's say the ice cups;" when the VE prompted the ALJ to repeat the answer, she replied, "He prepared ice cups" (R. 45) (emphasis added). Another example of this occurred when Plaintiff testified, "We would have to – let's see, prepare – let's see, get the post – I mean get the feet – let's see, wrapped up with tape. We would help the players, the athletes – we would help tape the athletes;" the ALJ interpreted this to the VE as "His job was to provide – to supply the trainers with the tapes there were necessary to wrap the athlete's feet" (*Id.*) (emphasis added). Yet again, when Plaintiff said that he "did like cleaned up, let's say, the floors, and I also we would clean up, okay, that would be the tables," the ALJ told the VE that "he cleaned up the floors and the tables after the trainers were done training" (R. 47) (emphasis added). These are just a few examples. This is particularly troublesome because the ALJ then cited in her decision the tasks Plaintiff performed based on her own interpretation of Plaintiff's testimony (R. 16). In light of Plaintiff's impediments associated with autism spectrum disorder, the ALJ's heavy

reliance on Plaintiff's testimony and her own completion of his partial descriptions shows that her findings about his prior jobs, as actually performed, was not based on substantial evidence.

Finally, the ALJ's determination that the testimony of Plaintiff's mother and brother contradicted each other is not supported by substantial evidence as well. With respect to the file clerk job at Plaintiff's father's office, Plaintiff's brother testified that he observed his mother essentially doing the office work herself on behalf of Plaintiff, although Plaintiff "would sometimes be given jobs to do, like sort papers or things" (R. 98-99). Plaintiff's mother testified that she and her husband let Plaintiff work at the office to try to give him something to do, but the actual work could have been done by her directly "in a fraction of the time with a lot less effort" (R. 110-11). The undersigned fails to see how these pieces of testimony are contradictory: the mother did not deny helping with the work, and the brother did not testify that his brother never attempted any tasks. Thus, the ALJ's decision to discredit their testimonies was not based on any substantial evidence. On remand, the ALJ must state with particularity and based on substantial evidence from the record her reason for crediting or rejecting these pieces of testimony.

Accordingly, because the ALJ erred in failing to determine whether Plaintiff's employment was sheltered work based on substantial evidence—particularly in her failure to conduct a subsidy analysis pursuant to the regulations—the case must be remanded and all of the evidence related to Plaintiff's past employment must be reweighed. This includes the medical opinions of Dr. Herrera, whose opinion the ALJ rejected in part because Plaintiff's alleged ability to complete his prior work experience in light of his symptoms. *See* R. 23 ("[Dr. Herrera's' opinion is inconsistent with the claimant's employment history, [and] earnings report").

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED as follows:

(1) Plaintiff's Motion for Summary Judgment (ECF No. 19) is GRANTED;

(2) Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED;

(3) The Administrative Law Judge's decision is REVERSED AND REMANDED, with instructions: (a) to address whether Plaintiff's salary at his prior work experience was subsidized; (b) to make findings sufficient to support conclusions about the actual work previously performed, including weighing the testimony of Plaintiff, his mother, and brother based on substantial evidence; and (c) to accordingly reweigh the testimony and medical opinions at step four of the analysis;

(4) This action is CLOSED for administrative purposes.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of April, 2019.

LAUREN LOUIS
United States Magistrate Judge